```
LEVITT & SLAFKES, P.C.
76 South Orange Avenue - Suite 305
South Orange, New Jersey 07079
(973) 313-1200
Attorneys for Plaintiffs
BY: Bruce H. Levitt, Esq. (BL9302)
```

---

|  |  |
|---|---|
| | **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| JAMES C. HENSON AND ANNITA L. HENSON, | CHAPTER 7<br><br>Case No.:06-20122(KCF) |
| Debtor. | Adv. Proc. No. |
| JAMES C. HENSON AND ANNITA L. HENSON,<br><br>Plaintiffs,<br><br>v.<br><br>NOVASTAR MORTGAGE, INC.; NOVASTAR HOME MORTGAGE, INC.; FARR, BURKE, GAMBACORTA & WRIGHT, P.C.; SAXON MORTGAGE SERVICES, INC.; ZUCKER, GOLDBERG & ACKERMAN, LLC AND THE BANK OF NEW YORK MELLON, AS SUCCESSOR TRUSTEE UNDER NOVASTAR MORTGAGE FUNDING TRUST 2004-1,<br><br>Defendants. | **VERIFIED ADVERSARY COMPLAINT** |

Plaintiffs, James C. Henson and Annita L. Henson, by way of verified adversary complaint against defendants say as follows:

**JURISDICTION AND VENUE**

1. On October 18, 2006, a voluntary petition for relief under Chapter 13 of Title 11 of the United States Bankruptcy Code

(the "Bankruptcy Code") was filed by plaintiffs.

2. This court has subject matter jurisdiction over this adversary proceeding and has personal jurisdiction over the defendants pursuant to 28 U.S.C. § 157 (a) and (b).

3. This adversery proceeding is a core proceeding arising under 11 U.S.C § 101 et. seq. and 28 U.S.C. § 157(b)(2)(A), (B), (G), (K), and (O).

4. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§1408 and 1409(a).

## THE PARTIES

5. Plaintiffs are the debtors in the above-captioned Chapter 13 proceeding.

6. Defendant NovaStar Mortgage, Inc. maintains its principal place of business at 8140 Ward Parkway, Kansas City, Missouri 64506.

7. Defendant NovaStar Home Mortgage, Inc. conducts business at 2081 Business Center Drive, Suite 245, Irvine, California 92612.

8. Defendant Farr, Burke, Gambacorta & Wright, P.C. is a professional corporation of the State of New Jersey with offices at 1000 Atrium Way, Suite 401, Mt. Laurel, New Jersey 08054.

9. Defendant Saxon Mortgage Services, Inc. is a corporation of the State of Texas with offices at 4708 Mercantile Drive, Fort Worth, Texas 76137.

10. Defendant Zucker, Goldberg & Ackerman, LLC, is a Limited Liability Company of the State of New Jersey with offices located at 200 Sheffield Street, Suite 310, Mountainside, New Jersey 07092.

11. Defendant The Bank of New York Mellon, as Successor Trustee under NovaStar Mortgage Funding Trust 2004-1 is a common law trust acting through its agent, defendant Saxon Mortgage Services, Inc.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. On or about February 23, 2004, debtors executed and delivered to defendant Novastar Home Mortgage, Inc. a promissory note in the amount of $479,500.00 and a mortgage on the real property located at 40 East Street, Annandale, New Jersey.

13. On February 23, 2004 defendant Novastar Home Mortgage, Inc., by and through its authorized agent, endorsed and delivered the promissory note to defendant NovaStar Mortgage, Inc.

14. No assignment of the mortgage was made to defendant NovaStar Mortgage, Inc.

15. On October 18, 2006 debtors filed the instant proceeding under Chapter 13 of the United States Bankruptcy Code.

16. Included among the assets of the bankruptcy estate is the real property located at 40 East Street, Annandale, New Jersey.

17.  On or about October 31, 2006 defendant NovaStar Mortgage, Inc. filed a proof of claim in the debtors Chapter 13 bankruptcy proceeding through counsel, defendant Farr, Burke, Gambacorta & Wright, P.C.  In that proof of claim NovaStar Mortgage, Inc. identified itself as the mortgagor and note holder on the real property located at 40 East Street, Annandale, New Jersey.  Attached to the proof of claim was the note executed in favor of Novastar Home Mortgage, Inc. and the Allonge endorsing the note to Novastar Mortgage, Inc.  The **mortgage** attached to the proof of claim identifies the mortgage holder as Novastar Home Mortgage, Inc.  No assignment of mortgage was provided to the court.

18.  On February 6, 2007 defendant NovaStar Mortgage, Inc., through its counsel, defendant Farr, Burke, Gambacorta & Wright, P.C., filed a motion for relief from the automatic stay.  In a Certification filed in support of that motion, defendant NovaStar Mortgage, Inc. identified itself as the holder of the note and the mortgage.  Attached to that Certification were the note and mortgage executed in favor of Novastar Home Mortgage, Inc.  No endorsement of the note or assignment of the mortgage was included.

19. On October 30, 2007, defendant NovaStar Mortgage, Inc., through its counsel, defendant Farr, Burke, Gambacorta & Wright, P.C., filed an objection to confirmation. In that objection, defendant NovaStar Mortgage, Inc. identified itself as the holder of the note and mortgage.

20. On May 7, 2008, defendant Saxon Mortgage, Inc. on behalf of NovaStar Mortgage, Inc. caused a Certification of Default to be filed with the court. The Certification of Payment History attached to that document indicates that the secured creditor is NovaStar Mortgage, Inc.

21. On October 30, 2008, defendant Saxon Mortgage Services, Inc., on behalf of The Bank of New York Mellon, as Successor Trustee under NovaStar Mortgage Funding Trust 2004-1, caused a Certification of Default to be filed with the court. The Certification of Payment History attached to that document identifies the mortgage holder as The Bank of New York Mellon, as Successor Trustee under NovaStar Mortgage Funding Trust 2004-1.

22. On October 6, 2008 debtors made a Qualified Written Request pursuant to the Real Estate Settlement and Procedures Act to defendant Saxon Mortgage Services, Inc. In that request, debtors requested, among other things, the name and address of the current mortgage holder and a history of all assignments of the loan.

23. In response to that Qualified Written Request, on October 27, 2008 defendant Saxon Mortgage Services, Inc.

identified Wachovia Bank National Association as the current custodian of the mortgage. In response to the request for a history of all assignments, defendant Saxon Mortgage Services, Inc. responded "the loan is registered with MERS (Mortgage Electronic Registration Systems); therefore, an assignment does not exist".

## COUNT ONE

24. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 23 above and incorporate same herein by reference.

24. On November 12, 2008 the court entered an Order vacating the automatic stay as to defendant NovaStar Mortgage, Inc. to allow it to institute or resume its rights with regard to the real property located at 40 East Street, Annandale, New Jersey (hereinafter the "real property").

25. According to the documents filed with the court on behalf of defendant NovaStar Mortgage, Inc. it is the holder by endorsement of a promissory note signed by plaintiffs.

26. According to documents filed with the court on behalf of defendant NovaStar Mortgage, Inc. it does not hold, nor has it ever held throughout the entire course of the pending Chapter 13 proceeding, any security interest in the real property.

27. According to documents filed with the court on October 30, 2008, the purported holder of the mortgage on the real property is The Bank of New York Mellon, as Successor Trustee

under NovaStar Mortgage Funding Trust 2004-1.

28. According to the response to the Qualified Written Request on October 27, 2008, Wachovia Bank National Association was identified as the current custodian of the mortgage.

29. Defendant NovaStar Mortgage, Inc. does not hold any interest by way of security or otherwise in the real property.

30. But for the false representations to the court on behalf of defendant NovaStar Mortgage, Inc. that it was the holder of the mortgage on the real property, stay relief would not have been entered **as to that party**.

31. The court has the authority to reimpose the automatic stay.

32. The automatic stay must be reimposed as to the debtors, the estate and the real property.

**WHEREFORE**, plaintiffs pray for relief as follows:

A. Reimposing the automatic stay as to the debtors, the estate and the real property located at 40 East Street, Annandale, New Jersey;

B. For attorney fees and costs of suit; and

C. For such other and further relief as the court deems just and equitable.

## COUNT TWO

33. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 32 above and incorporate same herein by reference.

34. Defendant NovaStar Mortgage, Inc. filed a false proof of claim.

35. This court has the power to reconsider an allowed claim at any time under Bankruptcy Rule 3008.

36. Pursuant to 11 U.S.C. § 105(a) this court has the authority to issue orders to prevent an abuse of process.

37. The proof of claim must be disallowed.

**WHEREFORE,** plaintiffs pray for relief as follows:

A. Disallowing the proof of claim filed by defendant NovaStar Mortgage, Inc.;

B. For attorney fees and costs of suit; and

C. For such other and further relief as the court deems just and equitable.

### COUNT THREE

38. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 37 above and incorporate same herein by reference.

39. Based upon the false proof of claim and its continuing fraud upon plaintiffs and the court, defendant NovaStar Mortgage, Inc. received payments as a secured creditor during the course of the case to which it was not entitled.

40. Defendant NovaStar Mortgage, Inc. wilfully violated the automatic stay by continuing to request and accept payments from plaintiffs on account of a fictitious debt.

41. To the extent that any payments were requested by and made to defendant Saxon Mortgage Services, Inc. **it too** willfully violated the automatic stay.

**WHEREFORE**, plaintiffs pray for relief as follows:

A. For an Order directing the return of all amounts paid by the plaintiffs to defendants NovaStar Mortgage, Inc. and Saxon Mortgage Services, Inc.;

B. For damages against defendants NovaStar Mortgage, Inc. and Saxon Mortgage Services, Inc. for their willful violation of the automatic stay;

C. For a finding of contempt against defendants NovaStar Mortgage, Inc. and Saxon Mortgage Services, Inc. for their willful violation of the automatic stay;

D. For punitive damages;

E. For attorney fees and costs of suit; and

F. For such other and further relief as the court deems just and equitable.

## COUNT FOUR

42. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 41 above and incorporate same herein by reference.

43. During the course of the Chapter 13 proceeding, defendant NovaStar Mortgage, Inc. has fraudulently claimed to be the holder of both the mortgage and the note on the real property.

44. Based upon pleadings filed with this court more than two years after the bankruptcy petition was filed, defendant Zucker, Goldberg and Ackerman, LLC asserted for the first time that the holder of the mortgage on the real property is The Bank of New York Mellon, as Successor Trustee under NovaStar Mortgage Funding Trust 2004-1.

45. Based upon the response of defendant Saxon Mortgage Services, Inc. to the Qualified Written Request of the plaintiffs the holder of the mortgage on the real property is Wachovia National Bank.

46. Wachovia National Bank has never entered an appearance in the proceeding and has not asserted any interest in the mortgage on the real property.

47. In its response to the Qualified Written Request made by the plaintiffs, Saxon Mortgage Services, Inc. stated that there are no assignments to the mortgage.

48. Neither defendants NovaStar Mortgage, Inc., Saxon Mortgage Services, Inc., or The Bank of New York Mellon, as Successor Trustee under NovaStar Mortgage Funding Trust 2004-1 hold a validly assigned mortgage on the real property and properly endorsed and delivered promissory note.

49. Neither defendants NovaStar Mortgage, Inc., Saxon Mortgage Services, Inc., or The Bank of New York Mellon, as Successor Trustee under NovaStar Mortgage Funding Trust 2004-1 have standing as a secured creditor as to the real property.

**WHEREFORE**, plaintiffs pray for relief as follows:

A. For an Order declaring that defendants NovaStar Mortgage Services, Inc., Saxon Mortgage Services, Inc., The Bank of New York Mellon, as Successor Trustee under NovaStar Mortgage Funding Trust 2004-1 do not hold a validly assigned mortgage on the real property located at 40 East Street, Annandale, New Jersey, that neither of those defendants hold a properly endorsed and delivered promissory note, and that neither of those defendants have standing as a secured creditor in the bankruptcy case;

B. For attorney fees and costs of suit; and

C. For such other and further relief as the court deems just and equitable.

## COUNT FIVE

50. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 49 above and incorporate same herein by reference.

51. By endorsing and delivering the note, but retaining the mortgage, defendant Novastar Home Mortgage, Inc. cannot claim the status of a secured creditor as to the real property.

52. The mortgage of defendant Novastar Home Mortgage, Inc. must be discharged of record.

**WHEREFORE**, plaintiffs pray for relief as follows:

A. For an Order directing defendant Novastar Home Mortgage, Inc. to discharge its mortgage on the real property located at 40 East Street, Annandale, New Jersey or alternatively directing the

Hunterdon County Clerk to discharge the mortgage of record;

B.  For attorney fees and costs of suit; and

C.  For such other and further relief as the court deems just and equitable.

## COUNT SIX

53.  Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 51 above and incorporate same herein by reference.

54.  Defendants NovaStar Mortgage, Inc. and Farr, Burke, Gambacorta & Wright, P.C. continually filed pleadings with the court that it knew or should have known were false.

55.  Defendants Saxon Mortgage Services, Inc. and Zucker, Goldberg & Ackerman, LLC continued to file false pleadings with the court on at least one occasion.

56.  Federal Rule of Bankruptcy Procedure 9011 requires that all pleadings filed with the court have evidentiary support.

57.  Sanctions should be imposed upon defendants NovaStar Mortgage, Inc.; Farr, Burke, Gambacorta & Wright, P.C.; Saxon Mortgage Services, Inc. and Zucker, Goldberg & Ackerman, LLC pursuant to Rule 9011(c).

**WHEREFORE**, plaintiffs pray for relief as follows:

A.  For sanctions against defendants NovaStar Mortgage, Inc.; Saxon Mortgage Services, Inc.; Farr, Burke, Gambacorta & Wright, P.C. and Zucker, Goldberg & Ackerman, LLC pursuant to Rule 9011;

B. For attorney fees and costs of suit; and

C. For such other and further relief as the court deems just and equitable.

## COUNT SEVEN

58. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 57 above and incorporate same herein by reference.

59. Pursuant to 11 U.S.C. § 1927, an attorney admitted to the court who so multiplies the proceedings in any case unreasonably and vexatiously may be required to satisfy the costs, expenses and attorneys' fees reasonably incurred because of such conduct.

60. The law firms of Farr, Burke, Gambacorta & Wright, P.C. and Zucker, Goldberg & Ackerman, LLC are liable to plaintiffs under 11 U.S.C. § 1927.

**WHEREFORE**, plaintiffs pray for relief as follows:

A. For costs, expenses and attorneys' fees against defendants NovaStar Mortgage, Inc.; Saxon Mortgage Services, Inc.; Farr, Burke, Gambacorta & Wright, P.C. and Zucker, Goldberg & Ackerman, LLC pursuant to Rule 9011; and

B. For such other and further relief as the court deems just and equitable.

**LEVITT & SLAFKES, P.C.**
**Attorneys for Plaintiffs**
**By:  Bruce H. Levitt**
**Bruce H. Levitt**

**Dated: December 10, 2008**

**VERIFICATION**

The undersigned hereby verify that they have reviewed the foregoing complaint and the allegations contained therein are truthful and accurate based upon our current, knowledge, information and belief.

**/s/ James C. Henson**
**James C. Henson**

**/s/ Annita L. Henson**
**Annita L. Henson**

**Dated: November 21, 2008**