**BURNS, WHITE & HICKTON, LLC**
**Richard A. O'Halloran, Esquire**
**Lindsey M. Hoelzle, Esquire**
**502 Carnegie Center, Suite 103**
**Princeton, NJ  08540**
**609-987-0616**
**Attorneys for Defendants Saxon Mortgage**
**Services, Inc. and The Bank of New York**
**Mellon, as Trustee Under Novastar**
**Mortgage Funding Trust 2004-1**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE:  JAMES C. HENSON AND ANITA L. HENSON | CHAPTER 7<br>CASE NO. 06-20122 (KCF) |
| JAMES C. HENSON AND ANITA L. HENSON<br>         Plaintiffs,<br>v.<br>NOVASTAR MORTGAGE, INC.; NOVASTAR HOME MORTGAGE, INC.; FARR, BURKE, GAMBACORTA & WRIGHT, P.C.; SAXON MORTGAGE SERVICES, INC.; ZUCKER, GOLDBERG & ACKERMAN, LLC AND THE BANK OF NEW YORK MELLON, AS TRUSTEE UNDER NOVASTAR MORTGAGE FUNDING TRUST 2004-1,<br>         Defendants. | ANSWER TO ADVERSARY COMPLAINT<br><br>ADVERSARY NO. 08-02991 |

Defendants, Saxon Mortgage Services, Inc. ("Saxon") and The Bank of New York Mellon, As Trustee Under Novastar Mortgage Funding Trust 2004-1 ("BNY-Mellon") (sometimes collectively "Answering Defendants"), by and through their counsel, Burns, White & Hickton, LLC, responds as follows to Plaintiff's Adversary Complaint (the "Complaint"):

## JURISDICTION AND VENUE

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

## THE PARTIES

5. Admitted, upon information and belief.

6. The allegations contained in the paragraph are not directed at Saxon and as such Saxon makes no answer to same.

7. The allegations contained in the paragraph are not directed at Saxon and as such Saxon makes no answer to same.

8. The allegations contained in the paragraph are not directed at Saxon and as such Saxon makes no answer to same.

9. Admitted.

10. The allegations contained in the paragraph are not directed at Saxon and as such Saxon makes no answer to same.

11. Denied in part. Defendant BNY Mellon is a REMIC trust. To the extent that paragraph 11 alleges that at certain unidentified times Defendant Saxon acted as the agent of Defendant BNY Mellon, said allegations are denied.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. Denied. Upon information and belief, the note and mortgage referenced in paragraph 12 were executed and given by debtor Annita Henson, only.

13. The allegations contained in paragraph 13 are addressed to a party other than Answering Defendants and, accordingly, no response is made thereto.

14. Denied as after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief to the allegations made herein.

15. Admitted, upon information and belief.

16. Admitted, upon information and belief.

17. Denied in part as after reasonable investigation Answering Defendants are without knowledge or information sufficient to form a belief as to certain of the allegations herein. The note and mortgage, together with the proof of claim, speak for themselves.

18. Denied as after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to certain of the allegations herein. Any motion for relief or certifications filed in support thereof speak for themselves.

19. Denied as after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to certain of the allegations herein. Any objections referenced in paragraph 19 speak for themselves.

20. Admitted in part. The Certification of Payment History speaks for itself.

21. Admitted in part. The Certification of Default and Certification of Payment History speak for themselves.

22. Admitted, upon information and belief.

23. Denied. After reasonable investigation Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 23 and, accordingly, those allegations are denied.

## COUNT ONE

24. Answering Defendants repeat their answers to the allegations in paragraphs 1-23 as if same were set forth herein at length.

24 (sic). Denied as stated. The allegations set forth in paragraph 24 (sic) refer to a writing, the terms and conditions of which speak for themselves.

25. The allegations contained in paragraph 25 are addressed to a party other than Answering Defendants and, accordingly, no response is made thereto.

26. The allegations contained in paragraph 26 are addressed to a party other than Answering Defendants and, accordingly, no response is made thereto.

27. Denied as stated. The allegations set forth in paragraph 27 refer to a writing, the terms and conditions of which speak for themselves.

28. Denied as stated. The allegations set forth in paragraph 28 refer to a writing, the terms and conditions of which speak for themselves.

29. The allegations set forth in paragraph 29 are addressed to a party other than Answering Defendants and, accordingly, no response is made thereto.

30. The allegations set forth in paragraph 30 are addressed to a party other than Answering Defendants and, accordingly, no response is made thereto.

31. Admitted.

32. Denied.

WHEREFORE, Answering Defendants respectfully request that this Honorable Court enter judgment in their favor, dismissing this Count of the Complaint and awarding them costs and attorney's fees.

## COUNT TWO

33. Answering Defendants repeat their answers to the allegations in paragraphs 1-32 as if same were set forth herein at length.

34. The allegations contained in paragraph 34 are addressed to a party other than Answering Defendants and, accordingly, no response is made thereto.

35. The allegations contained in this paragraph are denied as conclusions of law to which no answer is required.

36. The allegations contained in this paragraph are denied as conclusions of law to which no answer is required.

37. Denied.

WHEREFORE, Answering Defendants respectfully request that this Honorable Court enter judgment in their favor, dismissing this Count of the Complaint and awarding them costs and attorney's fees.

## COUNT THREE

38. Answering Defendants repeat their answers to the allegations in paragraphs 1-37 as if same were set forth herein at length.

39. The allegations contained in paragraph 39 are directed to a party other than Answering Defendants and, accordingly, no response is made thereto.

40. The allegations contained in paragraph 40 are directed to a party other than Answering Defendants and, accordingly, no response is made thereto.

41. Denied. The allegations set forth in paragraph 41 are denied and it is averred to the contrary that at all times relevant hereto Answering Defendant Saxon acted properly and that it did not willfully or otherwise violate the automatic stay.

WHEREFORE, Answering Defendants respectfully request that this Honorable Court enter judgment in their favor, dismissing this Count of the Complaint and awarding them costs and attorney's fees.

## COUNT FOUR

42. Answering Defendants repeat their answers to the allegations in paragraphs 1-41 as if same were set forth herein at length.

43. The allegations contained in the paragraph are not directed at Answering Defendants and, accordingly, no response is made thereto.

44. Denied. After reasonable investigation Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 44 and, accordingly, said allegations are denied.

45. Denied. The allegations set forth in paragraph 45 are based on a writing, the terms and conditions of which speak for themselves.

46. Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the meaning which Plaintiffs subscribe to the phrase 'asserted any interest in the mortgage' and accordingly, the allegations relating thereto are denied.

47. Denied as stated. The Qualified Written Request and any written response thereto, speak for themselves.

48. Denied as conclusions of law to which no response is required.

49. Answering Defendants deny the allegations set forth in paragraph 49 and aver to the contrary that they have standing.

6

WHEREFORE, Answering Defendants respectfully request that this Honorable Court enter judgment in their favor, dismissing this Count of the Complaint and awarding them costs and attorney's fees.

## COUNT FIVE

50. Answering Defendants incorporate herein by reference their responses to paragraphs 1 through 49, above, as fully as though the same were set forth herein at length.

51. The allegations set forth in paragraph 51 are addressed to a party other than Answering Defendants and, accordingly, no response is required thereto.

52. The allegations set forth in paragraph 52 are addressed to a party other than Answering Defendants and, accordingly, no response is required thereto.

WHEREFORE, Answering Defendants respectfully request that this Honorable Court enter judgment in their favor, dismissing this Count of the Complaint and awarding them costs and attorney's fees.

## COUNT SIX

53. Saxon repeats its answers to the allegations in paragraphs 1-49 as if same were set forth herein at length.

54. The allegations made in paragraph 54 are directed to parties other than Answering Defendants and, accordingly, no response is made thereto.

55. Denied. It is denied that Answering Defendant Saxon filed false pleadings and it is averred to the contrary that Saxon did not do so.

56. The allegations set forth in paragraph 56 are conclusions of law to which no response is required.

57. Denied. Answering Defendant Saxon denies that it should be sanctioned and avers to the contrary that it should not be sanctioned.

WHEREFORE, Answering Defendants respectfully request that this Honorable Court enter judgment in their favor, dismissing this Count of the Complaint and awarding them costs and attorney's fees.

## COUNT SEVEN

58. Answering Defendants repeat their answers to the allegations in paragraphs 1-57 above, as fully as though the same were set forth herein at length.

59. The allegations contained in paragraph 59 are conclusions of law to which no responsive pleading is required.

60. The allegations contained in this paragraph are addressed to parties other than Answering Defendants and, accordingly, no response is required thereto.

WHEREFORE, Answering Defendants respectfully request that this Honorable Court enter judgment in their favor, dismissing this Count of the Complaint and awarding them costs and attorney's fees.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

If Plaintiffs sustained the damages alleged herein, all such allegations being hereby expressly denied, said damages were caused by persons or entities other than Answering Defendants and not within the control of Answering Defendants.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs are holders in due course, entitled to all of the benefits and defenses associated therewith.

## FOURTH AFFIRMATIVE DEFENSE

At all times relevant, Answering Defendants acted properly and in complete good faith.

Respectfully submitted,

Dated: February 9, 2009          By:     /s/ Richard A. O'Halloran
                                          Richard A. O'Halloran, Esquire
                                          Lindsey M. Hoelzle, Esquire
                                          Burns, White & Hickton, LLC
                                          502 Carnegie Center, Suite 103
                                          Princeton, NJ  08540
                                          609-987-0616

                                          Attorneys for Defendants Saxon Mortgage
                                          Services, Inc. and The Bank of New York
                                          Mellon, as Trustee Under Novastar
                                          Mortgage Funding Trust 2004-1