June 2, 2009

Bruce Levitt, Esquire
Levitt & Slafkes, P.C.
76 S. Orange Avenue, Suite 305
South Orange, NJ 07079

Lindsey M. Hoelzle, Esquire
Burns, White & Hickton, LLC
531 Plymouth Road, Suite 500
Plymouth Meeting, PA 19462

        Re: James C. and Annita L. Henson
           Case No. 06-20122

           James C. and Annita L. Henson vs.
           NovaStar Mortgage, Inc., NovaStar Home
           Mortgage, Inc., Farr, Burke, Gambacorta &
           Wright, P.C., Saxton Mortgage Services, Inc.,
           Zucker, Goldberg & Ackerman, The Bank of
           New York Mellon
           Adversary No. 08-2991

           Motion to Dismiss - Document #16
           Hearing Date: May 13, 2009

Dear Counsel:

  On April 20, 2009, Defendants Saxon Mortgage Services, Inc. and The Bank of New York Mellon, as Trustee under Novastar Mortgage Funding Trust 2004-1 (collectively "Saxon") filed a motion to dismiss the above-captioned adversary proceeding for lack of subject matter jurisdiction. The Debtors filed opposition and Saxon filed a response to the opposition. The matter was scheduled for hearing on May 13, 2009, but the parties requested that the matter be decided on the

papers. The following is the Court's opinion.

On October 16, 2006, the Debtors filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code. The adversary complaint at issue was filed on December 16, 2008 and contained seven counts. On January 25, 2009, the Chapter 13 Trustee filed a Motion to Dismiss the Debtors' Case or For Entry of a Wage Order. The motion was granted and on February 25, 2009, this Court entered an order granting the Trustee's motion and dismissing the case. A final decree was issued on March 17, 2009, and the Debtors' bankruptcy case was closed.

The issue before the Court is whether this Court can or should retain jurisdiction over the adversary proceeding in light of the dismissal of the main bankruptcy case. Saxon asserts that this Court now lacks subject matter jurisdiction over the adversary complaint because the allegations in the complaint concern core proceedings under 28 U.S.C. § 157(A), (B), (G), (K), and (O). Saxon argues that when an adversary proceeding depends upon the bankruptcy case for its existence, jurisdiction is automatically stripped from the bankruptcy court when the bankruptcy case is dismissed. Plaintiffs concede that Counts One, Two, Four and Five are core proceedings arising under the Bankruptcy Code and cannot now proceed because the main bankruptcy case has been dismissed. The Plaintiffs argue, however, that matters "related to" the bankruptcy case are not subject to automatic dismissal and therefore some counts of the complaint should survive the dismissal of the main case. The question thus becomes whether the Court must dismiss Count Three (wilful violation of the automatic stay), Count Six (violation of Rule 9011), and Count Seven (violation of 28 U.S.C. § 1927).

<u>Discussion</u>

It is important at the outset of this analysis to differentiate between the question of whether

proper federal jurisdiction existed when the adversary proceeding was commenced as opposed to the question of whether claims predicated upon "related to" jurisdiction should be dismissed upon the dismissal or closing of the bankruptcy case. The Third Circuit examined this issue in detail in In re Smith, 866 F.2d 576 (3d Cir. 1989) and, analogizing this situation to the disposition of ancillary and pendent claims, concluded that bankruptcy courts have the discretion to retain jurisdiction over related claims after the termination of the main case. The Smith court noted that the general rule is that "dismissal of a bankruptcy case should result in the dismissal of 'related proceedings' because the court's jurisdiction of the latter depends, in the first instance, upon the nexus between the underlying bankruptcy case and the related proceedings." As is often the case, however, the rule is not without exception. The Smith court noted with approval the following factors a bankruptcy court may consider in deciding whether to exercise its discretion: (1) judicial economy; (2) fairness and convenience to the litigants; and (3) the degree of difficulty of the related legal issues involved. *See, e.g.,* In re Stardust Inn, Inc. 70 B.R. 888, 891 (Bankr. E.D. Pa. 1987).

With that background, the Court will turn to the individual counts of the complaint. Count Three alleges that "Defendant NovaStar Mortgage, Inc. wilfully violated the automatic stay by continuing to request and accept payments from plaintiffs on account of a fictitious debt. To the extent that any payments were requested by and made to defendant Saxon Mortgage Services, Inc. **it too** willfully violated the automatic stay". *Complaint* at ¶ 40, 41 (emphasis in the original). The allegation is based on the lack of evidence of an assignment of the mortgage from the original holder, Novastar Home Mortgage, Inc., to NovaStar Mortgage, Inc. or beyond.

The Court finds that because Count Three is based on 11 U.S.C. § 362(k) it is not a "related to" count, but rather one "arising under" title 11. As such, it retains no vitality once the bankruptcy

case is dismissed. While discretion exists for "related to" proceedings, "[n]o such discretion exists, however, for an adversary proceeding "arising under" or "arising in" a title 11 case." In re J & L Structural, Inc., 299 B.R. 89, 92 (Bankr. W.D. Pa. 2003). Therefore, Count Three must be dismissed.

Alternatively, Count Three should be dismissed for failure to state a claim. A motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) may be granted only if, accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief. In re Burlington Coat Factory SEC Litigation,114 F.3d 1410, 1420 (3d Cir. 1997). Accepting as true, for the purposes of this motion, the allegation that the mortgage payments the Debtors were making were on account of a "fictitious debt" then the Debtors should bring an action for fraud not for violation of the automatic stay. The Debtor's burden under 11 U.S.C. § 362(h) [now § 362(k)(1)] is to establish the creditor's actual knowledge of the bankruptcy filing and volitional action by the creditor. Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp., 337 F.3d 314 (3d Cir. 2003). The Debtors have not met that burden because Count Three alleges neither knowledge on the part of Saxon nor the requisite volitional act. In other words, the Debtors have failed to show how acceptance of payments voluntarily made by the Debtors violated the automatic stay.

Count Six alleges that Saxon Mortgage Services, Inc. filed false pleading with the court on at least one occasion and as a result sanctions should be imposed pursuant to Federal Rule of Bankruptcy Procedure 9011(c). Since this Count is based on a bankruptcy rule, the same "arising under" analysis of Count Three could apply. But taking a more generous view and considering this a "related to"claim premised on Federal Rule of Civil Procedure 11, the Court still must dismiss the

Count. No where in Count Six is there an allegation that any of the required procedural steps were taking before bringing this cause of action. Specifically, the Count is deficient because it does not: (1) "describe the specific conduct alleged to violate subdivision (b)"; (2) allege that the defendants were provided with the required 21-day safe harbor; or (3) come as a separate matter. Any of these individual failings would support dismissal; the confluence of all three mandates dismissal.

Count Seven is a bit muddled in the relief it requests. The body of the count is premised on 11 U.S. C. § 1927 and seeks relief against defendants Farr, Burke, Gambacorta & Wright, P.C. and Zucker, Goldberg & Ackerman, LLC. The "wherefore" clause does not reference § 1927, and instead prays for relief pursuant to Rule 9011 against the law firm defendants as well as NovaStar Mortgage, Inc. and Saxon Mortgages Services, Inc. To the extent Count Seven is based on Rule 9011 it will be dismissed for the previously stated reasons. To the extent Count Seven is based on 11 U.S.C. § 1927 it will be dismissed because that statute applies to only attorneys. The statue provides that any "attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 11 U.S.C. § 1927. The Third Circuit has held that § 1927 "only authorizes the imposition of sanctions on counsel not on parties." Dashner v. Riedy, 197 Fed. Appx. 127, 133 (3d Cir. 2006). Since neither of the movants is an attorney, Count Seven is simply inapplicable to them and subject to dismissal under Rule 12(b)(6).

## Conclusion

The Complaint will be dismissed as to defendant BNY-Mellon because the allegations and requests for relief set forth in Counts Three, Six, and Seven do not pertain to BNY-Mellon. As to

defendant Saxon Mortgage Services, Inc., Count Three is dismissed for lack of jurisdiction and Counts Six and Seven are dismissed for failure to state a claim. The Court will enter the form of order submitted with the motion.

                                        */s/ Kathryn C. Ferguson*
                                        KATHRYN C. FERGUSON
                                        US Bankruptcy Judge